

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JAN 31 2000

JAMES W. McCORMACK, CLERK

By: _____
            DEP. CLERK

| | |
|---|---|
| GARY HOLIDAY AND JOANN HOLIDAY, As Parents and Next Friend of Dijannaise Holiday, minor; AND DIJANNAISE HOLIDAY | PLAINTIFFS |

V.          CASE NO: 4:00CV0066WRW

| | |
|---|---|
| WAFFLE HOUSE, INC.; AND MARY JANE DOE, INDIVIDUALLY, JOINTLY AND SEVERALLY | DEFENDANTS |

This case assigned to District Judge _____
COMPLAINT to Magistrate Judge _____

Comes now the Plaintiffs, by and through their attorney, THE ANDERSON LAW FIRM, against the defendants, and states:

## JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1981, 1983, 1988, Title VII of the Civil Rights Act of 1964, as amended; the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution, and the Arkansas Constitution. This is also an action for damages and relief as set out below. Plaintiff further invokes the pendent jurisdiction of this court to hear and decide any and all claims arising under State law including common law actions, for the unlawful discriminatory practices that the plaintiffs have been subjected to. Furthermore, jurisdiction and venue of this Court are invoked pursuant to 28 U.S.C. §§ 1331, 1343, and 1391. This is also an action for declaratory judgment pursuant to 28 U.S.C.

§2201 to declare the rights and other legal relations between the parties.

## PARTIES

2. Plaintiffs, Gary Holiday, Joann Holiday, and Dijannaise Holiday, are all black citizens of the United States and Arkansas, who at all material times, resided in Phillips County, Arkansas.

3. Defendant, Waffle House, Incorporation (hereinafter "Waffle House) operated a 24-hour public interstate restaurant located in Forrest City, St. Francis County, Arkansas, approximately 100 feet from an interstate highway. Defendant Mary Jane Doe was at all material times an employee and agent acting within the scope of her employment with Defendant Waffle House.

## FACTS

4. On or about the 20th day of February, 1999, at approximately 11:30 a.m., Plaintiffs, all black citizens walked into the Waffle House restaurant located in Forrest City, Arkansas for in-dining purposes, and engaged in interstate commerce.

5. The Defendant Waffle House was opened and customers were about dining. There was no seating policy nor reserve-seating policy, and essentially, all seating was of a "first-come, first-serve" arrangement.

6. Plaintiffs, upon entrance into the said restaurant waited about for approximately 15 minutes until seating was available, at which time, the Plaintiffs sat at a booth where the prior patrons had left. The table had not been cleared nor cleaned.

7. After about five minutes, a black waitress approached the plaintiffs' table, cleared

it and took the Plaintiffs' drink order.

8. Approximately five minutes later, a white family arrived at the restaurant, and within approximately three minutes of their arrival, a white waitress and defendant, Mary Jane approached the Plaintiffs' table and in a very loud, hostile and rude voice that could be heard throughout the entire restaurant said, "y'all have got to git up". "This is their table" (indicating the newly arrived white family).

9. The Plaintiffs protested peaceably and quietly, but despite their protestations, the white waitress, defendant Mary Jane said "y'all can't sit here, I saved this table for them." (Again indicating the white family).

10. About this time, the black waitress re-appeared with the drinks of the Plaintiffs which included coffee for Plaintiffs Gary and Joann Holiday, and a glass of milk for Dijannaise Holiday. The white waitress, Defendant Mary Jane then stated to the black waitress "they got to git up", "this is their table". The black waitress attempted to explain to Defendant Mary Jane that the Plaintiffs were rightfully seated and had ordered, when Defendant Mary Jane said again, in a loud and rude voice that could be heard throughout the entire restaurant, "no, they have got to git up 'cause I'm seating them here". (Again indicating the newly-arrived white family).

11. Then, despite Mary Jane's rudeness and hostility, the black waitress, politely, sat the Plaintiffs' drinks on the table. The Plaintiffs all accepted their respective beverages and began drinking.

12. Next, Defendant Mary Jane physically picked up each glass, the napkins and silverware, and removed them from the table stating "I said y'all can't sit here". She then sat the drinks on the counter. The four year old Dijannaise, cried for her milk.

13. The Plaintiffs, despite their embarrassment and humiliation, got up from the booth and moved to the bar. The white family was seated by Mary Jane who continued to say "they can't sit here", "this is y'all's table."

14. After approximately five more minutes, the Plaintiffs left the restaurant.

15. At all material times, herein, a manager was on duty and observed the incident.

16. That after the plaintiffs moved from the booth and even after their departure from the restaurant, Mary Jane continued to talk about the incident to other surrounding patrons, bolstering her decision to ask the black plaintiffs up.

17. That for all of the foregoing reasons, the Plaintiffs were denied equal access to this public this eating establishment which is engaged in interstate commerce.

18. That Defendant Mary Jane was not terminated from her position with Defendant Waffle House as a result of this incident- the same constituting ratification.

19. That the Defendant, Waffle House negligently supervised their staff by allowing Defendant/employee, Mary Jane to engage in the egregious misconduct as complained of herein;

20. That as a result of the egregious misconduct complained of herein, Plaintiffs experienced pain and suffering, embarrassment, humiliation, and other harms.

21. That Defendants' egregious misconduct was tantamount to and did indeed cause the Plaintiffs to suffer intentional infliction of emotional harm and distress; and mental anguish.

22. That Defendants' intentional egregious acts, particularly in physically removing the Plaintiffs' beverages, was offensive and constituted a battery;

23. That all of the harms which have been occasioned to plaintiffs were the direct and proximate cause of the Defendants.

24. That Plaintiffs' damages are in excess of those required for jurisdiction.

25. That Defendants' loud, hostil and rude conduct resulted in defamation by the Defendants.

26. As a direct and proximate result of said acts of the defendants, Plaintiffs suffered the following damages:

   a. Violation of their constitutional rights under the First, Fourth, Fifth and Fourteenth Amendments.

   b. Plaintiffs suffered intentional infliction of emotional distress.

   c. That actions of the defendants violate the following clearly established constitutional rights of the Plaintiffs:

      i. Freedom to peaceably assemble and depart from a public place.

      ii Freedom from discrimination based on race without a compelling State interest.

      iii Freedom to engage in public interstate commerce;

27. As a direct and proximate cause of the negligence of the defendants, the Plaintiffs

have been subjected to mental and emotional suffering and trauma and should be compensated an amount in excess of those required for jurisdiction.

28. Additionally, Plaintiffs are entitled to damages pursuant to Arkansas Civil Rights Act of 1964.

29. The Defendants should be restrained and enjoined from instituting racial discrimination practices and procedures.

WHEREFORE, all premises considered, Plaintiffs pray that the Court find the Defendants liable for the reasons stated herein, or otherwise grant relief as follows:

A. Award compensatory in an amount to be proven at trial, against the Defendants, jointly and/or severally;

B. Award punitive damages in an amount to be proven at trial, against the Defendants jointly and severally;

C. Award costs and attorney fees, and for all other good and proper relief.

Respectfully submitted,

BY: _____
THE ANDERSON LAW FIRM
P.O. Box 23011
Little Rock, Arkansas 72221
(501) 660-4529

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that a copy of the foregoing pleading has been sent to all opposing parties and attorneys of record by placing a copy of same in the U.S. mail, proper postage affixed. Dated this 20th day of January, 2000.

BY: _____